Mr. Griff H. Roberts Longboat Key Town Manager 501 Bay Isles Road Longboat Key, Florida 34228
Dear Mr. Roberts:
On behalf of the town council and the chief of police of the Town of Longboat Key, you ask substantially the following question:
May the Town of Longboat Key expend contraband forfeiture proceeds from the special law enforcement trust fund pursuant to section932.7055(4), Florida Statutes (1996 Supplement), to update the police department's communication system?
In sum:
The cost of updating the police department's communication system, which functions as a part of the day-to-day operations of that office, would appear to be a normal operating expense of the department that may not be paid from the special law enforcement trust fund.
Sections 932.701-932.707, Florida Statutes (1996 Supplement), the Florida Contraband Forfeiture Act, authorize the seizure and forfeiture of any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of the act. A law enforcement agency effecting a forfeiture of seized property may elect to sell or otherwise salvage or transfer the property to any public or nonprofit organization rather than retain it for the law enforcement agency.[1]
If seized property is sold, the proceeds are disbursed in the manner prescribed by statute.[2] When the seizing agency is a municipality, any remaining proceeds are to be deposited in a special law enforcement trust fund established by the governing body of the municipality.[3] Funds may be expended from a contraband forfeiture trust fund only upon request by the chief of police when accompanied by a written certification that the request complies with the act and when appropriated to the police department by the governing body of the municipality.[4]
In specifying the uses for such proceeds in the special law enforcement trust fund, section 932.7055(4)(a), Florida Statutes (1996 Supplement), states:
"Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[5]
Given the statutory prohibition against using contraband trust funds as a source of revenue to meet normal operating needs of a law enforcement agency, this office has consistently concluded that contraband funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular, or established.
For example, in Attorney General's Opinion 83-9, this office stated that contraband forfeiture funds could not be used to hire a physician's assistant to render medical services to prisoners in the county jail since furnishing medical attention and treatment to county prisoners is a continuing and ongoing or regular duty of the sheriff's office: "It . . . appears that the legislative intent of s. 932.704, F.S., is that these trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established." Recently this office stated that contraband forfeiture funds could not be used to build and maintain a stable for horses that would be used for a mounted police patrol unit the city wished to establish.[6]
In Attorney General Opinion 96-62, this office considered whether contraband forfeiture funds could be used to upgrade computers in a sheriff's office as the purchase of "additional equipment." This office was advised that the computer link was the primary means of communication between the sheriff's department and the state and national data bases containing information regarding criminal offenders. This office concluded, however, that the computer link between the sheriff's office and the state and national data bases was and continued to be a part of the day-to-day operation of the sheriff's department in carrying out its law enforcement functions. Thus, this office stated that the upgrading of computers would be a part of the normal operating costs of the department that may not be funded from the contraband forfeiture trust fund.
Similarly, a communication system is a part of the day-to-day operation of the police department used in carrying out its law enforcement functions. Accordingly, the updating of the system would appear to be part of the normal operating costs of the department and, therefore, may not be funded from the special law enforcement trust fund.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 932.7055(1), Fla. Stat. (1996 Supp.).
[2] See, s. 932.7055(3), Fla. Stat. (1996 Supp.), prescribing that the proceeds be used to satisfy any liens preserved by the court in the forfeiture proceedings, pay the costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property, and pay any court costs incurred in the forfeiture proceeding.
[3] Section 932.7055(4)(a), Fla. Stat. (1996 Supp.).
[4] Section 932.7055(4)(b), Fla. Stat. (1996 Supp.). And see, Op. Att'y Gen. Fla. 91-69 (1991), stating that a county commission was not authorized to expend funds from a contraband trust fund absent a request and the required certification from the sheriff/director of public safety. See also, Op. Att'y Gen. Fla. 81-99 (1981) (board of county commissioners vested with exclusive authority to decide appropriation of contraband trust funds to the sheriff's office).
[5] Section 932.7055(4)(c)1.-3., Fla. Stat. (1996 Supp.).
[6] Attorney General Opinion 97-31 (1997).